**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JUAN JOSE SALAZAR, individually and as class representatives; RICARDO CASTILLO, individually and as class representatives; EFRAIN RUIZ, individually and as class representatives; RUBEN CHAVEZ, individually and as class representatives; ARTURO CORDERO, individually and as class representatives; ARMANDO GONZALEZ, individually and as class representatives; VIRGINIA JAUREGUI, individually and as class representatives; ADOLPHO LOPEZ, individually and as class representatives; BRENDA MARTINEZ, individually and as class representatives; REYNA PEREZ, individually and as class representatives; MARIA RAMIREZ, individually and as class representatives; AURELIO RETANA, individually and as class representatives; JOSE RODRIGUEZ, individually and as class representatives; DENISE RUCKER, individually and as class representatives; JESUS TEJADA, individually and as class representatives; BACILIA TIRADO, individually and as class representatives; ARMANDO VASQUEZ, individually and as class | No. 08-56604<br><br>D.C. No. 2:07-cv-01854-SJO-VBK<br><br>MEMORANDUM[*] |

_____

  [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

representatives; VICTOR GALVIZ;
LAURENCIO MARIN; VINCENT
SOLTERO; JUAN RENTERIA,

Plaintiffs - Appellants,

v.

CITY OF MAYWOOD, all on their own
behalf and as representative of a class of
defendants; CITY OF LOS ANGELES, all
on their own behalf and as representative
of a class of defendants; CITY OF
ESCONDIDO, all on their own behalf and
as representative of a class of defendants;
CITY OF LONG BEACH, all on their own
behalf and as representative of a class of
defendants; CITY OF ONTARIO, all on
their own behalf and as representative of a
class of defendants; COUNTY OF
RIVERSIDE, all on their own behalf and
as representative of a class of defendants;
CITY OF RIVERSIDE; COUNTY OF
LOS ANGELES; MIKE BROWN; DALE
BONNER; SUNNE WRIGHT MCPEAK;
JOSEPH A. FARROW,

Defendants - Appellees.

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted November 4, 2010
Pasadena, California

2

Before: SCHROEDER and TALLMAN, Circuit Judges, and JARVEY, District Judge.[**]

Plaintiffs, owners of automobiles impounded for thirty days under California Vehicle Code section 14602.6, appeal the district court's adverse summary judgment ruling in their 42 U.S.C. § 1983 action asserting that the California statute and its implementation violate their rights under the Fourth, Fifth, and Fourteenth Amendments, as well as California law. Plaintiffs also appeal the district court's denial of their untimely motion for class certification. We review the district court's grant of summary judgment *de novo* and may affirm on any ground supported by the record. *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1047 (9th Cir. 2009). We review for abuse of discretion the district court's decision to deny plaintiffs' untimely class certification motion. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992).

We affirm the district court's grant of summary judgment in favor of defendants on the federal claims. Section 14602.6 applies only in very limited circumstances. The statute authorizes impoundment of vehicles for up to thirty days when an individual is found to be driving with a suspended or revoked license or without ever having been issued a driver's license. Cal. Veh. Code

---

[**] The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa, sitting by designation.

§ 14602.6(a)(1). This limited application accords with the California legislature's determination that such a temporary forfeiture is warranted to protect Californians from the harm caused by unlicensed drivers—a determination we have no basis to reject. Cal. Veh. Code § 14607.4. Although an amicus suggests that the statute disproportionately affects minorities and low income families, plaintiffs did not allege or argue any claim of equal protection violation. We therefore address no such issue.

The statute also provides for notice and an opportunity to be heard. Owners of impounded vehicles have "the opportunity for a storage hearing . . . in accordance with Section 22852" in which they may contest the impoundment or present mitigating circumstances necessitating an early return of the vehicle. Cal. Veh. Code § 14602.6(b). Notice is to be "mailed or personally delivered to the registered and legal owners within 48 hours" with relevant information on how to request a hearing. Cal. Veh. Code § 22852(b). These provisions satisfy due process. *See Miranda v. City of Cornelius*, 429 F.3d 858, 868 (9th Cir. 2005) (noting that sending notices within forty-eight hours of an impoundment ensures that "erroneous deprivation of an owner's vehicle will be slight, and satisfies due process concerns" (quotation marks and citation omitted)); *Scofield v. City of*

4

*Hillsborough*, 862 F.2d 759, 763–64, 766–67 (9th Cir. 1988) (concluding that pre-seizure process is not required to tow a vehicle under similar circumstances).

The fact that the hearing examiner is employed by the agency, absent more, does not create a due process violation. *Goichman v. Rheuban Motors, Inc.*, 682 F.2d 1320, 1323–24 (9th Cir. 1982) (holding that the process accorded by California Vehicle Code section 22852 is constitutionally sufficient). Neither do we consider the phrase "mitigating circumstances" unconstitutionally vague as section 14602.6(d)(1) provides specific examples to explain what constitutes mitigating circumstances. The district court also did not abuse its discretion in denying plaintiffs' late motion for class certification because it appropriately found that plaintiffs failed to show good cause for missing the deadline. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

We agree with plaintiffs, however, that some defendants would have violated state law if they failed to provide plaintiffs with the notice required by section 22852 or if they impounded vehicles driven by individuals with licenses that had merely expired or had been issued by a different jurisdiction. We disagree, though, that these state law violations would likewise prove, *ipso facto*, a federal claim—the assertion upon which plaintiffs predominately rely. *See United*

5

*States v. Becerra-Garcia*, 397 F.3d 1167, 1173–74 (9th Cir. 2005) ("The weight of authority establishes that the test of whether a search or seizure violates the Fourth Amendment is one of federal law, neither enlarged by what one state court may have countenanced, nor diminished by what another may have colorably suppressed." (quotation marks and citation omitted) (citing *Cooper v. California*, 386 U.S. 58, 61 (1967) ("Just as a search authorized by state law may be an unreasonable one under th[e] [Fourth] amendment, so may a search not expressly authorized by state law be justified as a constitutionally reasonable one."))). To the extent that plaintiffs otherwise allude to violations of federal law, their claims are not supported by any developed argument on appeal and are therefore not properly before us. *Christian Legal Soc. Chapter of Univ. of Cal. v. Wu*, 626 F.3d 483, 487 (9th Cir. 2010) (refusing to "address claims that were only 'argue[d] in passing,' or that were 'bare assertion[s] . . . with no supporting argument'" (citations omitted) (alterations in original)); *United States v. Alonso*, 48 F.3d 1536, 1544–45 (9th Cir. 1995) (stating that issues accompanied by undeveloped arguments are deemed waived).

In sum, because plaintiffs have sufficiently alleged only a violation of state law, we remand only that part of plaintiffs' claim to the district court. We leave to the district court the determination as to whether it will exercise its discretion to

assume supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  Each party to bear its own costs on appeal.

**AFFIRMED in part; REMANDED in part.**