Filed 10/10/14; pub. order 11/4/14 (see end of opn.)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| BOBBY THOMPSON,<br><br>     Plaintiff and Appellant,<br><br>v.<br><br>PETALUMA POLICE DEPARTMENT,<br><br>     Defendant and Respondent. | A137981<br><br>(Sonoma County<br>Super. Ct. No. SCV-252045) |

Bobby Thompson appeals from a judgment of dismissal after the trial court sustained a demurrer to his complaint against the Petaluma Police Department and the City of Petaluma (the City)[1] without leave to amend.  He contends that Vehicle Code section 14602.6 (section 14602.6) violates state and federal procedural due process and that the City's enforcement of the statute violates its terms.  We remand the matter with directions to allow Thompson leave to amend his complaint.

## I.  FACTS

On July 24, 2012, Thompson filed a complaint for declaratory and injunctive relief alleging that he operates a business and pays property taxes in the City of Petaluma.  He brings this action to enjoin the Petaluma Police Department from using taxpayer funds to order 30-day impoundment of vehicles pursuant to section 14602.6 when the driver has operated the vehicle without a valid driver's license but with the consent of the owner of the vehicle.  He alleges that section 14602.6's notice provisions are insufficient to

---

[1] The Petaluma Police Department was erroneously named as a defendant; the City of Petaluma is the proper defendant.

1

provide the registered owner of an impounded vehicle with the factual grounds for the traffic stop or impound of the vehicle, the statutory basis for the driver's license suspension or revocation, and the grounds for releasing the vehicle from impound. He thus seeks a declaration that section 14602.6 violates due process due to the inadequacy of its notice provisions and its failure to require a written statement of decision summarizing the grounds for the hearing officer's decision to impound a vehicle for 30-days, and injunctive relief requiring the notices and written statement of decision.

The City demurred to the complaint, contending that Thompson lacked standing as a taxpayer under Code of Civil Procedure section 526a (section 526a) to bring his complaint. It also asserted that Thompson had failed to state a claim because he had not identified any way in which the City had violated the impoundment provisions of the Vehicle Code nor had he pled any violation of his individual rights. Finally, the City argued that inasmuch as the courts have upheld the constitutionality of section 14602.6, Thompson could seek redress from the Legislature.

The trial court granted the demurrer finding that Thompson lacked standing because a taxpayer has no standing under section 526a in a matter that involves the City's exercise of executive discretion. The court further ruled that Thompson lacked standing to challenge the City's "improvident or inefficient use of funds." The trial court also rejected Thompson's claims that the City's use of police officers to enforce section 14602.6 results in illegal government action or waste of taxpayer funds and that the City's procedures in implementing the statute violate procedural due process.

## II. DISCUSSION

### 1. *Standard of review.*

In reviewing a judgment dismissing a complaint after the granting of a demurrer without leave to amend, we must assume the truth of the complaint's properly pled or implied factual allegations. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) We may affirm on any basis stated in the demurrer, regardless of the ground on which the trial court based its ruling. (*Carman v. Alvord* (1982) 31 Cal.3d 318, 324.) We review the court's refusal to allow leave to amend under the abuse of discretion standard. (*Zelig v.*

2

*County of Los Angeles* (2002) 27 Cal.4th 1112, 1126.)  Where, as here, the court has sustained the demurrer without leave to amend, we must decide whether there is a reasonable possibility that the plaintiff can cure the defect with an amendment.  (*Ibid.*) "The plaintiff has the burden of proving that an amendment would cure the defect." (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.)

**2.  *Thompson has standing under section 526a.***

Section 526a provides in pertinent part as follows:  "An action to obtain a judgment, restraining and preventing any illegal expenditure of, waste of, or injury to, the estate, funds, or other property of a county, town, city or city and county of the state, may be maintained against any officer thereof, or any agent, or other person, acting in its behalf, either by a citizen resident therein, or by a corporation, who is assessed for and is liable to pay, or, within one year before the commencement of the action, has paid, a tax therein. . . ."

The purpose of section 526a " 'is to permit a large body of persons to challenge wasteful government action that otherwise would go unchallenged because of the standing requirement.' " (*Humane Society of the United States v. State Bd. of Equalization* (2007) 152 Cal.App.4th 349, 355 (*Humane Society*).)  The courts have construed the statute liberally to achieve its remedial purpose.  (*Blair v. Pitchess* (1971) 5 Cal.3d 258, 267–268.)  Thompson, as a nonresident who pays property taxes in Petaluma, has the capacity to sue under section 526a.  (*Irwin v. City of Manhattan Beach* (1966) 65 Cal.2d 13, 19 [nonresident taxpayer of a city has capacity to maintain a section 526a action].

To invoke taxpayer standing, however, the challenged governmental conduct must be illegal (*Humane Society, supra,* 152 Cal.App.4th at p. 361) or must constitute    waste, " 'a useless expenditure . . . of public funds' that is incapable of achieving the ostensible goal." (*Chiatello v. City and County of San Francisco* (2010) 189 Cal.App.4th 472, 482 (*Chiatello*).)  " '[T]he term "waste" as used in section 526a means something more than an alleged mistake by public officials in matters involving the exercise of judgment or wide discretion. . . .' " (*Sundance v. Municipal Court* (1986) 42 Cal.3d 1101, 1138–1139

3

(*Sundance*).)  Courts should not interfere with a local government's legislative judgment on the ground that its funds could be spent more efficiently.  (*Id.* at p. 1139.)

**3.  Thompson's complaint fails to state a cause of action.**

Thompson's complaint seeks declaratory and injunctive relief alleging that the City's enforcement of section 14602.6 violates due process by using paid police officers and expending taxpayer funds to implement its policies and practices.

Section 14602.6 provides for the 30-day impoundment of a vehicle driven by an unlicensed driver or by one whose driver's license has been suspended or revoked.  In relevant part, section 14602.6 states:  "Whenever a peace officer determines that a person was driving a vehicle while his or her driving privilege was suspended or revoked, driving a vehicle while his or her driving privilege is restricted . . . and the vehicle is not equipped with a functioning, certified interlock device, or driving a vehicle without ever having been issued a driver's license, the peace officer may either immediately arrest that person and cause the removal and seizure of that vehicle or, if the vehicle is involved in a traffic collision, cause the removal and seizure of the vehicle without the necessity of arresting the person . . . .  A vehicle so impounded shall be impounded for 30 days."  The Legislature enacted section 14602.6 to protect "Californians from the harm of unlicensed drivers, who are involved in a disproportionate number of traffic incidents and the avoidance of the associated destruction and damage to lives and property."  (*Smith v. Santa Rosa Police Dept.* (2002) 97 Cal.App.4th 546, 559–560 and fn. 11.)

Thompson acknowledges in his complaint that the City provides a notice, a CHP-180 form[2] which is mailed to the registered and legal owner of the impounded vehicle. According to Thompson's complaint, the CHP-180 form informs the vehicle owner that

---

[2] The trial court denied Thompson's request for judicial notice of the form, finding that it was not within the matters that may be judicially noticed in accordance with Evidence Code sections 450 to 452.  As this case comes to us on an appeal from a demurrer, however, we accept as true Thompson's allegations as to the facts he has pled concerning the CHP-180 form.  (See *Maxton v. Western States Metals* (2012) 203 Cal.App.4th 81, 87.)

4

the vehicle has been impounded pursuant to section 14602.6, and advises that a hearing can be requested by contacting the police department within 10 days of the impound.

The courts have rejected Thompson's claim that the statutory impound scheme violates due process and have concluded that the statute does not violate state and federal constitutional principles of equal protection, or freedom from unreasonable seizures. (*Alviso v. Sonoma County Sheriff's Dept.* (2010) 186 Cal.App.4th 198, 202 (*Alviso*); see also *Samples v. Brown* (2007) 146 Cal.App.4th 787, 804 (*Samples*) [section 14602.6 not unconstitutionally vague]; *Salazar v. Maywood* (9th Cir. 2011) 414 Fed. Appx. 73, 74–75 (*Salazar*) [statute's notice provisions satisfy due process].) As explained by the *Alviso* court, "the hearing procedure . . . adequately reconciles the competing interests of the parties:  the private interest in avoiding the cost and disruption entailed by impoundment of one's automobile; the relatively low risk of erroneous deprivation given the straightforward nature of most of the determinant factors; and the governmental interest in efficiently and effectively keeping the most dangerous drivers off the road. Accordingly, the impound scheme does not violate due process." (*Alviso, supra,* 186 Cal.App.4th at p. 214.)

Thompson's claim that the City is required to provide specific notices in addition to the 48-hour notice required by the statute (see § 14602.6, subd. (b); Veh. Code, § 22852, subd. (b))[3] also fails to state a cause of action. (*Salazar, supra,* at p. 75; see also *Miranda v. City of Cornelius* (9th Cir. 2005) 429 F.3d 858, 868 [notice to owners of a vehicle within 48 hours of an impoundment explaining right to request a hearing ensures that any erroneous deprivation of an owner's vehicle will be slight and satisfies due process concerns].) Thus, contrary to Thompson's claim, due process does not require that the City set forth the entire language of section 14602.6 in its notice, give the factual

---

[3] Subdivision (b) of section 14602.6 provides that an owner of an impounded vehicle is entitled to a hearing to determine the validity of the impoundment in accordance with section 22852.  Vehicle Code section 22852, subdivision (b), requires that a notice of the storage shall be mailed or delivered to the owner of the vehicle within 48 hours of the impoundment.

basis for the impound, or provide the evidence that the City plans to use at the hearing. The CHP-180 form's reference to section 14602.6 and to the car owner's right to an administrative hearing coupled with the impounding agency's statutory burden of proving the ground for impoundment (Veh. Code, §§ 22852; 22650, subd. (a)) are sufficient to comply with due process. (*Alviso*, *supra*, 186 Cal.App.4th at pp. 209–214; *Smith v. Santa Rosa Police Dept.*, *supra*, 97 Cal.App.4th at p. 569; *Miranda v. City of Cornelius, supra,* 429 F.3d at p. 868.) While Thompson would have the City provide more extensive procedures, he does not allege that the ones the City currently provides are inconsistent with section 14602.6 and the implementing regulations, which the courts have held comport with due process. (*Alviso, supra,* 186 Cal.App.4th at pp. 209–214.)[4]

Thompson's challenge to the City's use of police resources to enforce section 14602.6 also fails. To constitute waste, the public spending must be completely unnecessary or provide no public benefit. (*Chiatello, supra*, 189 Cal.App.4th at p. 482.) "Waste does not encompass the great majority of governmental outlays of money or the time of salaried governmental employees, nor does it apply to the vast majority of discretionary decisions made by state and local units of government . . . ." (*Id.* at pp. 482–483.) " '[T]he term "waste" as used in section 526a means something more than an alleged mistake by public officials in matters involving the exercise of judgment or wide discretion . . . . [T]he courts should not take judicial cognizance of disputes which are primarily political in nature, nor should they attempt to enjoin every expenditure which does not meet with a taxpayer's approval.' " (*Sundance, supra,* 42 Cal.3d at

---

[4] The complaint alleges that the City does not routinely present their proof at the impoundment hearing. While we are concerned about the conduct of agencies who circumvent the safeguards built into the process, "[i]ndividuals who believe this statute has been improperly or illegally applied to them may seek redress in the courts. . . . [I]t is 'constitutionally sufficient if Congress clearly delineates the general policy, the public agency which is to apply it, and the boundaries of this delegated authority. Private rights are protected by access to the courts to test the application of the policy in the light of these legislative declarations.' [citations]." *Samples, supra*, 146 Cal.App.4th at p. 807.

pp. 1138–1139.)  Courts should not interfere with a local government's legislative judgment on the ground that its funds could be spent more efficiently.  (*Id.* at p. 1139.)

California courts have upheld the constitutionality of section 14602.6 (see *Alviso, supra,* 186 Cal.App.4th 198, 202, and cases cited ante), and Thompson's allegation that the City uses taxpayer funds to pay its police officers to implement section 14602.6 does not establish waste.  (*Chiantelli, supra,* 189 Cal.App.4th at pp. 482–483.)  The latter is a matter involving the exercise of discretion with which the courts will not interfere.  (*Sundance*, *supra*, 42 Cal.3d at pp. 1138–1139.)

Here, the Legislature has determined that a 30-day impoundment procedure is necessary to protect the public from unlicensed drivers or those persons driving with suspended or revoked licenses.  The procedure complies with due process given its notice and hearing requirements.  And, the use of the City's police officers to enforce the statutory scheme is not the type of expenditure that evidences waste.  "This court should not interfere with the [City's] legislative judgment on the ground that the [City's] funds could be spent more efficiently."  (*Sundance, supra,* 42 Cal.3d at p. 1139.)

Hence, the allegations in Thompson's complaint are insufficient to state a cause of action.  He fails to allege waste, illegal expenditures, or the use of taxpayer funds to implement an unconstitutional statute.  Thus, we uphold the trial court's ruling sustaining the demurrer on the basis that Thompson's complaint failed to state a cause of action.  (*Carman v. Alvord*, *supra*, 31 Cal.3d at p. 324.)

### 4. *Thompson is entitled to seek leave to amend his complaint.*

Thompson contends that we should remand this matter to the trial court to permit him to amend his complaint to state three new causes of action for which he has taxpayer standing.  We conclude that remand is merited.[5]

---

[5] The City argues that Thompson abandoned any claim of error pertaining to the trial court's denial of leave to amend the complaint.  As Thompson explains, he requested leave to amend in his memorandum in opposition to the City's demurrer, and he requested leave to amend to add two claims during the hearing on the City's demurrer.  He, however, chose not to request leave to amend at the hearing based on the court's tentative ruling that he lacked standing, informing the court that he would appeal the

Preliminarily, we note that Thompson failed to brief this issue is his opening brief.[6] While he mentioned in a footnote in his opening brief that if he were granted leave to amend, he would amend the complaint to add three new claims, he did not brief the issue. He did not set forth a legal argument with citation of authorities until he raised the issue in his reply brief. (See 9 Witkin, Cal. Procedure, *supra*, Appeal, § 701, p. 769 ["every brief should contain a legal argument with citation of authorities on the points made. If none is furnished on a particular point, the court may treat it as waived . . . ."].) We consider the issue here because the City addressed the issue in its brief, and thus had an opportunity to respond to it.

Thompson argues that he can amend his complaint to allege the following three claims that the City violates section 14602.6 by impounding vehicles driven by: (1) individuals who have not been arrested and whose vehicle has not been involved in an accident; (2) individuals who lack a current California license but have previously been issued a valid driver's license in another jurisdiction; and (3) individuals without a valid driver's license.

Contrary to the City's argument, these proposed amendments do not implicate constitutional concerns and do not conflict with the allegations of the complaint. Thompson did not allege in his complaint that the City enforces section 14602.6, as the City asserts. Rather, Thompson alleged that the City's procedures violated due process.

issue of standing rather than litigate another demurrer. This argument did not constitute a waiver of the issue on appeal. Our reading of the record reveals that Thompson had additional claims he wished to pursue but believed the court would abide by its tentative ruling on standing, thus foreclosing any new claims. On this record, Thompson did not waive the issue. (Cf. *Las Lomas Land Co., LLC v. City of Los Angeles* (2009) 177 Cal.App.4th 837, 861 [plaintiff forfeited claim of error based on denial of leave to amend where the trial court offered to grant plaintiff the opportunity to amend the pleading but plaintiff expressly declined the court's offer].) "The failure to request leave to amend in the trial court ordinarily does not prevent a plaintiff from making [the] request for the first time on appeal." (*Ibid.,* see also Code Civ. Proc., § 472c, subd. (a).)

[6] It is well settled that points raised for the first time in a reply brief will not be considered unless good cause is shown. (9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 723, pp. 790–791.)

And, his proposed amendments allege that the City impounds vehicles under circumstances not permitted by section 14602.6.

The Attorney General and the Ninth Circuit have recognized that a violation of section 14602.6 occurs when officers impound a vehicle when the driver has not been arrested and the vehicle has not been involved in an accident. (See 95 Ops. Cal.Atty.Gen. 1, 2 (2012) [provision confers discretionary authority on an officer to arrest and impound or to impound in the event of a traffic collision]; *United States v. Cervantes* (9th Cir. 2012) 678 F.3d 798, 806 [section 14602.6, subd. (a)(1) did not authorize impoundment of vehicle where driver was arrested and taken into custody after vehicle was impounded].)

Thompson's allegations that the City impounds the vehicles of those drivers who are "driving a vehicle without ever having been issued a driver's license" also have arguable merit. (§ 14602.6, subd. (a)(1).) He asserts that the statutory language includes those drivers who have been issued a driver's license by a foreign jurisdiction, and that the vehicles of those drivers so licensed should not be subject to impoundment under the statute. Thompson's claims potentially state a claim. (See *Mateos-Sandoval v. County of Sonoma*, July 24, 2013, 2013 U.S. Dist. LEXIS 104549 [allegations were sufficient to state a 42 U.S.C. § 1983 claim where county interpreted the "without ever having been issued a driver's license" language of section 14602.6 to mean California licenses thus permitting the 30-day impoundment of vehicles driven by individuals licensed by jurisdictions outside of California].)

Finally, Thompson's allegations that the City violates section 14602.6, subd. (a)(1) by impounding vehicles when the only offense is driving without a valid driver's license also potentially states a claim. As Thompson argues, the statutory language may conflict with Vehicle Code section 12801.5, subdivision (e), which provides, "Notwithstanding Section 40300 [authorizing peace officers to make arrests without a warrant for Vehicle Code offenses committed in their presence] or any other law, a peace officer may not detain or arrest a person solely on the belief that the person is an unlicensed driver, unless the officer has reasonable cause to believe the person driving is under 16 years of age."

9

In sum, assuming Thompson can allege *facts* showing the City's actions are in violation of the law, there is a reasonable possibility that the defects in Thompson's complaint can be cured by amendment.  (*Blank v. Kirwin*, *supra*, 39 Cal.3d at p. 318.) We therefore remand the matter to the trial court.

### III.  DISPOSITION

The judgment is reversed and the matter is remanded to the trial court with directions to enter an order sustaining the demurrer to the complaint with leave to amend.


_____
Rivera, J.


We concur:


_____
Ruvolo, P.J.


_____
Humes, J.

Filed 11/4/14

# CALIFORNIA COURT OF APPEAL
# FIRST APPELLATE DISTRICT
# DIVISION FOUR

BOBBY THOMPSON
v.
PETALUMA POLICE DEPARTMENT

A137981
Sonoma County
Sup. Ct. No. SCV252045

BY THE COURT:

Due to an insufficient showing of good cause, "Appellant's Petition for Rehearing or, in the Alternative, Request for Partial Publication of the Unpublished Opinion Issued October 10, 2014" is denied in full.

Good cause appearing, the request by the City and County of San Francisco for publication of this court's October 10, 2014 opinion is granted.

The Reporter of Decisions is directed to publish said opinion in the Official Reports.

(Ruvolo, P. J., Rivera, J., and Humes, J. joined in the decisions.)


Date: November 4, 2014                                    Ruvolo, P.J.

1

Bobby Thompson v. Petaluma Police Department  (A137981)

Trial court:          County of Sonoma

Trial judge:          Hon. Elliott Daum

Attorneys:

Mark T. Clausen, for Plaintiff and Appellant

Meyers, Nave, Riback, Silver & Wilson, Anita L. Rimes, Julia L. Bond, and Mary C. Tsai, for Defendant and Respondent