Filed 3/2/15  Jones v. City and County of San Francisco CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| ERIN JONES,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO et al.,<br><br>        Defendants and Respondents. | A141497<br><br>(San Francisco City and County<br>Super. Ct. No. CGC-13-535074) |

Vehicle Code section 14602.6 (section 14602.6) authorizes, under certain circumstances, the 30-day impoundment of a vehicle operated by a person without a valid driver's license.  Appellant Erin Jones challenges enforcement of section 14602.6 by respondents City and County of San Francisco, the San Francisco Police Department, and the San Francisco County Sheriff (collectively the City), alleging that some impoundments are in violation of the statute and that postseizure notice and hearing procedures are constitutionally and statutorily defective.  Jones sought to enjoin the contested practices as an illegal "waste and expenditure" of public funds under Code of Civil Procedure section 526a (section 526a), asserting citizen taxpayer standing to bring the claims.  The trial court sustained the City's demurrer without leave to amend, finding that Jones lacked standing, and dismissed the action.  We reverse in part.  We agree that the demurrer was properly sustained without leave to amend as to the second cause of action of Jones's complaint, but conclude that leave to amend should have been granted as to the first cause of action.

1

# I.    BACKGROUND

A.    *Section 14602.6*

"In recognition of the disproportionate number of serious accidents caused by unlicensed drivers, the Legislature enacted section 14602.6 to protect Californians from the harm they cause and the associated destruction of lives and property.  [Citations.]" (*Alviso v. Sonoma County Sheriff's Dept.* (2010) 186 Cal.App.4th 198, 206 (*Alviso*).) Section 14602.6, subdivision (a)(1) provides:  "Whenever a peace officer determines that a person was driving a vehicle while his or her driving privilege was suspended or revoked, driving a vehicle while his or her driving privilege is restricted pursuant to [Vehicle Code s]ection 13352 or 23575 and the vehicle is not equipped with a functioning, certified interlock device, or driving a vehicle without ever having been issued a driver's license, the peace officer may either immediately arrest that person and cause the removal and seizure of that vehicle or, if the vehicle is involved in a traffic collision, cause the removal and seizure of the vehicle without the necessity of arresting the person in accordance with Chapter 10 (commencing with [Veh. Code §] 22650) of Division 11.  A vehicle so impounded shall be impounded for 30 days."  Subdivision (b) of section 14602.6 states, "The registered and legal owner of a vehicle that is removed and seized under subdivision (a) or their agents shall be provided the opportunity for a storage hearing to determine the validity of, or consider any mitigating circumstances attendant to, the storage, in accordance with [Vehicle Code s]ection 22852."  The postseizure hearing must be held within 48 hours of a request for hearing, and it may be conducted by an officer or employee of the impounding agency if that individual did not order the impound in the first instance.  (Veh. Code, § 22852, subds. (a)–(d).)

The impounding agency may release a vehicle in less than 30 days if "mitigating circumstances" are demonstrated.  (§ 14602.6, subd. (b); *Alviso, supra,* 186 Cal.App.4th at p. 213.)  Release is required if the vehicle was stolen; subject to bailment and driven by an unlicensed employee of a business; seized for an offense that does not authorize

impoundment;[1] or if the driver reinstates his or her license or acquires a license and proper insurance.  (§ 14602.6, subd. (d)(1).)

At any hearing, the impounding agency bears the initial burden of proving the impoundment's legality.  (*Smith v. Santa Rosa Police Dept.* (2002) 97 Cal.App.4th 546, 569 (*Smith*).)  The burden then shifts to the registered or legal owner to establish circumstances justifying release of the vehicle.  (*Id.* at pp. 568–569.)  If the hearing officer finds that a vehicle was not lawfully impounded, the impounding agency must pay the towing and storage fees and immediately release the vehicle without charge to the owner.  (Veh. Code, § 22852, subd. (e).)  Otherwise, the vehicle is held for the statutory period of 30 days and is released only after the owner pays all accrued towing and storage fees, as well as a release fee imposed by the impounding agency.  (Veh. Code, §§ 14602, subd. (e), 22850.5, 22851; Civ. Code, § 3068.1.)

B.     *Procedural History*

Jones filed his[2] complaint for declaratory and injunctive relief in the San Francisco Superior Court on October 25, 2013.

1.     *First Cause of Action*

Jones alleged in his first cause of action that the City violates Vehicle Code sections 14602.6 and 22852 by impounding vehicles when (1) the driver was not arrested and the vehicle was not involved in a collision "as required by subdivision (a)(1) of section 14602.6"; (2) the driver lacked a California driver's license but had not committed any other offense "such that his detention and arrest was prohibited [by Vehicle Code] section 12801.5(e)";[3] (3) the driver lacked a valid California driver's

---

[1] "[S]ection 14602.6 applies only to drivers whose licenses were suspended under [Vehicle Code] sections 13200 through 13392.  License suspensions for other reasons do not give rise to an impound under section 14602.6."  (*Alviso, supra,* 186 Cal.App.4th at p. 206.)

[2] The City uses the feminine pronoun in reference to Jones but, consistent with Jones's briefing on appeal, we use the masculine pronoun.

[3] "Notwithstanding [Vehicle Code s]ection 40300 or any other law, a peace officer may not detain or arrest a person solely on the belief that the person is an unlicensed

license but had previously been issued a license in California or another state or foreign country "such that he cannot be said to have been operating the vehicle without 'ever having been issued a valid driver's license' as required by subdivision (a)(1) of section 14602"; and (4) the driver's license is suspended or revoked for an offense that is not subject to an impound under Vehicle Code sections 13200–13392. Jones further alleged that the City fails to present evidence at impound hearings to validate vehicle impoundment "under section 14602.6 and the 4th Amendment"; refuses to provide the vehicle owner with access to the evidence against him; wrongly requires the owner to prove that he took reasonable steps to determine driver's license status before permitting the driver to operate the vehicle; and wrongly requires the owner to prove that he took reasonable steps to prevent the driver from gaining access to the vehicle, and to have filed a stolen vehicle report if the owner claims that the driver operated the vehicle without permission.

### 2. *Second Cause of Action*

Jones's second cause of action alleged the City violated state and federal due process by failing to provide the owners of impounded vehicles with "[n]otice which includes the specific factual basis for impoundment and the available grounds for release of a vehicle," and "[a]n opportunity to review all of the evidence against the vehicle owner, including police reports, traffic citations, DMV printouts, CLETS reports, witness statements, any other documents [upon which the City] routinely rel[ies] to justify the traffic stop and impoundment of a vehicle." Jones also alleges that due process requires a contemporaneous record of the impound hearing or a written statement summarizing the evidence presented at the hearing and the grounds for the hearing officer's decision.

Jones asserted standing to pursue both causes of action under section 526a as a property owner and taxpayer in the City and County of San Francisco, and based on his

---

driver, unless the officer has reasonable cause to believe the person driving is under 16 years of age." (Veh. Code, § 12801.5, subd. (e).)

allegations that the City "use[s] paid police officers and otherwise draw[s] on taxpayer funds" to carry out the challenged policies and practices.

      3.    *Demurrer*

      The City demurred to Jones's complaint on the ground that he failed to allege "waste" and therefore could not satisfy the requirements for taxpayer standing under section 526a. On March 10, 2014, the trial court (Hon. Ernest H. Goldsmith) issued a written order sustaining the demurrer without leave to amend on the basis that "[Jones] lacks standing under [section] 526a regarding the alleged 'waste' of public funds."[4] A judgment of dismissal was entered on March 24, 2014.

## II.    DISCUSSION

A.    *Standard of Review*

      We review an order sustaining a demurrer de novo, exercising our independent judgment as to whether, as a matter of law, the complaint states a cause of action on any available legal theory. (See *Lazar v. Hertz Corp.* (1999) 69 Cal.App.4th 1494, 1501.) In doing so, we assume the truth of all properly pleaded factual allegations together with those matters subject to judicial notice. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) We do not assume the truth of contentions, deductions, or conclusions of fact or law. (*Moore v. Regents of University of California* (1990) 51 Cal.3d 120, 125.) If the demurrer was sustained without leave to amend, "we must decide whether there is a reasonable possibility the plaintiff could cure the defect with an amendment. [Citation.] If we find that an amendment could cure the defect, we [will] conclude that the trial court abused its discretion and reverse[.] . . . The plaintiff has the burden of proving that an amendment would cure the defect. [Citation.]" (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.)

---

      [4] On March 7, 2014, the court adopted a tentative ruling in favor of the City, which Jones did not contest.

5

B.      *Section 526a*

Section 526a provides, in pertinent part, that "[a]n action to obtain a judgment, restraining and preventing any illegal expenditure of, waste of, or injury to, the estate, funds, or other property of a county, town, city or city and county of the state, may be maintained against any officer thereof, or any agent, or other person, acting in its behalf, either by a citizen resident therein, or by a corporation, who is assessed for and is liable to pay, or, within one year before the commencement of the action, has paid, a tax therein."

"No showing of special damage to a particular taxpayer is required as a requisite for bringing a taxpayer suit. [Citation.] Rather, taxpayer suits provide a general citizen remedy for controlling illegal governmental activity. [Citation.] [¶] Citizen suits may be brought without the necessity of showing a legal or special interest in the result where the issue is one of public right and the object is to procure the enforcement of a public duty. [Citation.] Citizen suits promote the policy of guaranteeing citizens the opportunity to ensure that governmental bodies do not impair or defeat public rights. [Citation.]" (*Connerly v. State Personnel Bd.* (2001) 92 Cal.App.4th 16, 29.)

" 'The purpose of this statute, which applies to citizen and corporate taxpayers alike, is to permit a large body of persons to challenge wasteful government action that otherwise would go unchallenged because of the standing requirement. [Citation.] To this end, the statute has been construed liberally. [Citation.] Therefore, although by its terms the statute applies to local governments, it has been judicially extended to all state and local agencies and officials. [Citations.] While the statute speaks of injunctive relief, taxpayer standing has been extended to actions for declaratory relief, mandamus and, in some circumstances, damages. [Citation.] [¶] Regardless of liberal construction, the essence of a taxpayer action remains an illegal or wasteful expenditure of public funds or damage to public property. [Citation.] The taxpayer action must involve an actual or threatened expenditure of public funds. [Citation.] [¶] General allegations, innuendo, and legal conclusions are not sufficient [citation]; rather, the plaintiff must cite specific facts and reasons for a belief that some illegal expenditure or injury to the public fisc is

6

occurring or will occur. [Citations.]' [Citations.]" (*Humane Society of the United States v. State Bd. of Equalization* (2007) 152 Cal.App.4th 349, 355; *Waste Management of Alameda County, Inc. v. County of Alameda* (2000) 79 Cal.App.4th 1223, 1240 (*Waste Management*), disapproved on other grounds in *Save the Plastic Bag Coalition v. City of Manhattan Beach* (2011) 52 Cal.4th 155, 167–168.)

C.     *Jones's Standing*

" 'Standing is a jurisdictional issue that . . . must be established in some appropriate manner.' [Citation.]" (*Chiatello v. City and County of San Francisco* (2010) 189 Cal.App.4th 472, 480 (*Chiatello*).) " 'The question of standing to sue may be raised by demurrer.' [Citations.]" (*Id.* at p. 481.) The City does not contest Jones's allegation that he is a citizen-taxpayer.[5] The question then is whether Jones adequately pled any illegal expenditure of, or waste of, public funds. The trial court found that he did not. We agree, but find that Jones must be given an opportunity to amend his compliant.

"The term 'waste' as used in section 526a means something more than an alleged mistake by public officials in matters involving the exercise of judgment or discretion. [Citations.] Appellants must cite specific facts and reasons supporting a belief that the state may be guilty of illegally spending public funds." (*Sagaser v. McCarthy* (1986) 176 Cal.App.3d 288, 310.) "Waste does not encompass the great majority of governmental outlays of money or the time of salaried governmental employees, nor does it apply to the vast majority of discretionary decisions made by state and local units of government . . . ." (*Chiatello,* at pp. 482–483.)

Division Four of this court recently addressed substantially similar, if not identical, issues. (*Thompson v. City of Petaluma* (2014) 231 Cal.App.4th 101 (*Thompson*).) In fact, the parties here sought a stay of this appeal pending disposition of *Thompson* on the ground that "the *Thompson* case presents the same legal issues presented in the instant case . . . ." Thompson also alleged taxpayer standing under

---

[5] "Notwithstanding the plain language of section 526a identifying the plaintiff as 'a citizen resident,' [this statute] can be invoked by nonresident taxpayers. [Citation.]" (*Chiatello, supra,* 189 Cal.App.4th at p. 482.)

7

section 526a and sought to challenge the Petaluma Police Department's policies and procedures in enforcement of section 14602.6. (*Thompson,* at p. 104.) As in Jones's case, the trial court sustained a demurrer to the complaint without leave to amend, finding that Thompson lacked standing under section 526a and rejecting Thompson's claims that Petaluma's use of police resources to enforce section 14602.6 resulted in illegal government action or waste of taxpayer funds. (*Thompson,* at p. 104.) Jones argues that *Thompson* was wrongly decided, and that we should reject its holdings and analysis. We decline to do so.

While we do not have the trial court pleadings in *Thompson* before us, it would appear that Thompson's complaint presented allegations largely similar to those in Jones's complaint, at least as to his second cause of action.[6] (*See Thompson, supra,* 231 Cal.App.4th at pp. 107–108.) For example, Thompson likewise claimed that due process required that Petaluma set forth the entire language of section 14602.6 in its hearing notice, give the factual basis for the impound, and provide the evidence that it planned to use at the hearing. (*Thompson,* at pp. 107–108.) The *Thompson* court agreed that such allegations failed to state a cause of action. It observed that use of a CHP-180 (California Highway Patrol) form to give hearing notice[7]—which references section 14602.6 and the car owner's right to an administrative hearing coupled with the impounding agency's statutory burden of proving the ground for impoundment—had previously been found sufficient to comply with due process. (*Thompson,* at pp. 107–108, citing inter alia *Alviso, supra,* 186 Cal.App.4th at pp. 209–214.)

Jones contends that his "as applied" due process claim presented here makes this case distinguishable from *Alviso, supra,* 186 Cal.App.4th 198 and *Samples v. Brown* (2007) 146 Cal.App.4th 787 (*Samples*), which he insists dealt only with the facial validity

---

[6] Jones's counsel also represented Thompson.

[7] Jones likewise states in his complaint that the City provides notice to an impounded vehicle owner utilizing the two page CHP-180 form ("Notice of Stored Vehicle").

of section 14602.6.[8]  He correctly notes that a statute may be constitutional on its face, but nevertheless unconstitutional as applied to "those particular circumstances [in which] the application deprived the individual to whom it was applied of a protected right." (*Tobe v. City of Santa Ana* (1995) 9 Cal.4th 1069, 1084.)  Jones's complaint, however, does not allege that the "particular circumstances" of any single owner, or group of owners, that would mandate the procedures he identifies.[9]  Rather, Jones's complaint asserts that the statutory hearing procedures are constitutionally defective as to *all* owners of impounded vehicles under *all* circumstances.  Simply recharacterizing his constitutional challenge does not change the nature of his claim.

"While Thompson would have the City provide more extensive procedures, he does not allege that the ones the City currently provides are inconsistent with section 14602.6 and the implementing regulations, which the courts have held comport with due process.  [Citation.]" (*Thompson, supra,* 231 Cal.App.4th at pp. 107–108, fn. omitted.)  The same is true here, and Jones's second cause of action fails for the same reason.

Citing *Chiatello*, the *Thompson* court also found Thompson's complaint deficient in its allegations that use of taxpayer funds to pay police officers to implement section 14602.6 constituted actionable waste. (*Thompson, supra*, 231 Cal.App.4th at p. 108.)  "[This] is a matter involving the exercise of discretion with which the courts will not interfere.  [Citation.]" (*Ibid*.)  Upholding the trial court's ruling sustaining the demurrer, the court found the allegations in Thompson's complaint insufficient to state a cause of action.  "He fails to allege waste, illegal expenditures, or the use of taxpayer funds to implement an unconstitutional statute." (*Id*. at pp. 108–109.)[10]

---

[8] Jones's counsel also represented the appellants in *Alviso* and *Samples*.

[9] Without identification of the particular circumstances that would mandate the procedures he advocates, it is difficult to see how Jones could invoke section 526a to effectuate a remedy.

[10] Jones sought leave to submit supplemental briefing to discuss *Mateos-Sandoval v. County of Sonoma* (N.D.Cal., Oct. 29, 2014, No. 11-cv-05817) 2014 U.S.Dist. Lexis 153596, which held that the 4th Amendment is violated by a warrantless seizure and 30-

The court held, however, that Thompson should be permitted to seek leave to amend his complaint, finding at least arguable merit under section 526a to claims that Petaluma violates section 14602.6 by impounding vehicles driven by "(1) individuals who have not been arrested and whose vehicle has not been involved in an accident; (2) individuals who lack a current California license but have previously been issued a valid driver's license in another jurisdiction; and (3) individuals without a valid driver's license." (*Thompson, supra*, 231 Cal.App.4th at p. 109; *id.* at pp. 109–111.) "[A]ssuming Thompson can allege *facts* showing the City's actions are in violation of the law, there is a reasonable possibility that the defects in Thompson's complaint can be cured by amendment. [Citation.]" (*Id.* at pp. 110–111.) The matter was remanded to allow Thompson to seek leave to amend. (*Id*. at p. 111.) The allegations that Thompson sought to add to his complaint appear to be those that have been asserted in Jones's first cause of action. The question then is whether those allegations are sufficient to state a claim under section 526a and to provide Jones with standing to assert it.

Jones insists that *Thompson* wrongly suggests that he must plead specific instances of unlawful enforcement of section 14602.6 in order to state a cause of action. He argues that it is sufficient to allege the ultimate fact of unlawful enforcement and that discovery, not demurrer, is the appropriate method to determine if the allegations of the complaint are supported by sufficient evidence. (See *Committee on Children's Television, Inc. v. General Foods Corp.* (1983) 35 Cal.3d 197, 212–218.) We think Jones misreads what *Thompson* requires.

day impound of a vehicle pursuant to section 14602.6. Jones suggested that this decision would provide a basis for amendment of his complaint to assert illegality of section 14602.6. We denied the motion. We are not bound by lower federal court decisions (*People v. Camacho* (2000) 23 Cal.4th 824, 830, fn. 1), and our own courts have rejected claims that the statutory impound scheme violates state and federal constitutional principles of equal protection, or freedom from unreasonable seizures. (*Alviso, supra,* 186 Cal.App.4th at p. 202; *Samples, supra,* 146 Cal.App.4th at pp. 804, 809.) We see no reason to depart from our own precedent in favor of an unpublished interlocutory federal trial court ruling.

10

A taxpayer has standing under section 526a to challenge an "illegal expenditure" when it is alleged that employees of a public entity are spending their publicly paid time engaging in illegal conduct. (*Blair v. Pitchess* (1971) 5 Cal.3d 258, 268.) "To state a claim, the taxpayer must allege specific facts and reasons for the belief the expenditure of public funds sought to be enjoined is illegal." (*Coshow v. City of Escondido* (2005) 132 Cal.App.4th 687, 714; accord, *Waste Management,* at p. 1240.) "General allegations, innuendo, and legal conclusions are not sufficient [citation] . . . ." (*Waste Management,* at p. 1240.)

The City contends that Jones's first cause of action fails as a matter of law because Jones alleges no *facts* that suggest that the City has violated the law, making only conclusory claims that police officers impound vehicles under circumstances not permitted by section 14602.6 and conduct postseizure hearings in a manner contrary to law. Generally, even as to a special demurrer, " 'a plaintiff is required only to "set forth in his complaint the essential facts of his case with reasonable precision and with particularity sufficiently specific to acquaint the defendant of the nature, source, and extent of his cause of action." [Citations.] He need not particularize matters "presumptively within the knowledge of the demurring" defendant.' [Citation.]" (*County of Santa Clara v. Superior Court* (2009) 171 Cal.App.4th 119, 126.)

Jones must still plead facts, not contentions or conclusions. (See *Moore v. Regents of University of California, supra,* 51 Cal.3d at p. 125 [a complaint's properly pleaded material allegations are assumed true; "[w]e do not, however, assume the truth of contentions, deductions, or conclusions of fact or law"]; *Waste Management, supra,* 79 Cal.App.4th at p. 1240.) And Jones must plead facts that would entitle him to equitable relief if proven. (See *County of Santa Clara v. Superior Court, supra,* 171 Cal.App.4th at pp. 130–131 [complaint sufficient where it identifies *specific* policies and practices violating the California Public Records Act].) "The goal of . . . section 526a taxpayer standing is the necessity of prompt action to ' "prevent irremediable public injury' " [citation.], i.e., the unlawful or illegal expenditure of public funds [citation]." (*Connerly v. Schwarzenegger* (2007) 146 Cal.App.4th 739, 749.) Taken as true, Jones's

11

allegations in his first cause of action would establish only that unidentified San Francisco law enforcement officers have, at undefined times, under undefined circumstances and in unknown numbers, applied and enforced section 14602.6 in a manner contrary to law. While the owner of a vehicle impounded under such circumstances would unquestionably be entitled to individual relief, Jones identifies no policy or practice of the City directing or authorizing its officers to enforce section 14602.6 in this fashion, and thus pleads no "waste" to be remedied by the court. Alleging, or even establishing, that some officers employed by the City have violated the law does not lead to a conclusion that all officers, or a significant number of them, are now doing so. Rather, it is presumed that state officers obey and follow the law. (*Connerly*, at p. 751.) "Without a threat of present or future injury, no injunction can lie. [Citation.]" (*Ibid.*)

The City concedes that Jones was not given the opportunity to amend his complaint and that he should be allowed to do so, if he is able. Jones alleges that he can. We agree that Jones should be given leave to amend his first cause of action if he can truthfully do so.

### III. DISPOSITION

We reverse the judgment of dismissal of Jones's complaint. We affirm that portion of the trial court's order sustaining the City's demurrer without leave to amend as to the second cause of action, but remand with instructions to enter an order sustaining the demurrer with leave to amend as to the first cause of action. The parties shall bear their own costs on appeal.

_____

BRUINIERS, J.


WE CONCUR:


_____

JONES, P. J.


_____

NEEDHAM, J.