Filed 10/30/24; Certified for Publication 11/20/24 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| ROBERT MANN,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>STATE OF CALIFORNIA,<br><br>    Defendant and Appellant. | B328374<br><br>(Los Angeles County<br>Super. Ct. No. 20STCV21366) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael P. Linfield and Maurice A. Leiter, Judges. Reversed.

Rob Bonta, Attorney General, Jodi L. Cleesattle, Assistant Attorney General, Catherine Woodbridge and Donna M. Dean, Deputy Attorneys General, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

The State of California and the California Highway Patrol (CHP) appeal from a judgment granting injunctive relief requiring it to revise its vehicle impound procedures. CHP contends the injunction improperly requires it to contravene valid statutes, relies on inapplicable case law, conflicts with the existing statutory scheme, and mandates unnecessary revisions to its notice procedures. We agree and reverse.

**FACTUAL AND PROCEDURAL BACKGROUND**

On June 5, 2020, Timothy Barker and Youth Justice Coalition brought this action against the State of California and Warren A. Stanley, challenging CHP's vehicle impound policies.[1] On June 9, 2020, an amended complaint was filed, substituting Robert Mann for Timothy Barker as a plaintiff.

Robert Mann is a taxpayer who pays utility, sales, and property taxes to the City and County of Los Angeles, and sales and income taxes to the State of California. This action was brought under Code of Civil Procedure section 526a, which allows taxpayers to challenge governmental actions that allegedly constitute illegal or wasteful expenditures of public funds.[2] Mann

---

[1]     At the close of plaintiffs' case, the trial court granted the motion for judgment against Youth Justice Coalition under Code of Civil Procedure section 631.8. Additionally, judgment was entered in favor of defendant Stanley, who had retired approximately two years before the trial. The court found Stanley, as a former public officer, was no longer a proper defendant in this action. Neither Youth Justice Coalition nor Stanley are parties to this appeal.

[2]     Code of Civil Procedure section 526a provides in relevant part: "An action to obtain a judgment, restraining and preventing

does not allege any personal involvement with CHP's vehicle impound procedures; rather, as a taxpayer he challenges CHP's policies and practices on constitutional grounds.

Mann alleged CHP's impoundment of vehicles without a warrant and inadequate notice procedures constituted illegal expenditures of public funds. He sought declaratory and injunctive relief to prevent what he characterized as wasteful, unlawful, and unconstitutional law enforcement policies. The complaint did not mention or request ability-to-pay hearings as part of the requested relief.[3]

any illegal expenditure of, waste of, or injury to, the estate, funds, or other property of a local agency, may be maintained against any officer thereof, or any agent, or other person, acting in its behalf, either by a resident therein, or by a corporation, who is assessed for and is liable to pay, or, within one year before the commencement of the action, has paid, a tax that funds the defendant local agency . . . ." This statute allows taxpayers to challenge governmental actions even when they are not personally harmed to ensure the proper use of public funds. (*Blair v. Pitchess* (1971) 5 Cal.3d 258, 267–268.)

[3] The trial court interpreted the complaint to include a failure to provide an ability-to-pay claim when it overruled CHP's demurrer on October 6, 2020. The order provided, "Although not argued by the parties, the Court points out that if fees provided for in statutes are 'imposed without a determination that the defendant is able to pay, [they] are thus fundamentally unfair; imposing these [fees] upon indigent defendants without a determination that they have the present ability to pay violates due process under both the United States Constitution and the California Constitution.' (*People v. Duenas* (2019) 30 Cal.App.5th 1157, 1168.)"

Following a bench trial, a permanent injunction issued requiring CHP to consider vehicle owners' present ability to pay towing and storage fees during impound hearings and vehicle release procedures, and revise its notice form, CHP 180, to advise owners of procedures for retrieving impounded vehicles. The court found that CHP's existing policies violated due process by providing inadequate notice and failing to account for indigent owners' inability to pay.

CHP filed a timely notice of appeal contending its actions were consistent with heretofore constitutional statutes and case law, the trial court erred by erroneously grafting language regarding an ability-to-pay hearing from a criminal case into this civil matter, and by its issuance of a permanent injunction.[4]

## DISCUSSION

### I. Standard of review

CHP challenges both the trial court's interpretation of statutes and its application of case law in its decision. "'In reviewing a judgment based upon a statement of decision following a bench trial, we review questions of law de novo.'" (*Ribakoff v. City of Long Beach* (2018) 27 Cal.App.5th 150, 162.) "When constitutional provisions and statutes are at issue, we independently review their meaning." (*Id.* at p. 163.)

---

[4] Mann initially filed a notice of cross-appeal to the judgment. However, his cross-appeal was dismissed on June 11, 2024, for failing to obtain relief from the default caused by his failure to properly designate the record.

4

## II.   The injunction requiring ability-to-pay hearings is improper

The trial court issued an injunction requiring "CHP officers consider the present ability to pay towing, storage, and any other fees in vehicle storage hearings under Vehicle Code § 22852 and in vehicle returns pursuant to the November 2021 policy memorandum."[5] The court based this injunction on the principles identified in *People v. Dueñas, supra*, 30 Cal.App.5th 1157 (*Dueñas*).[6]

---

[5]   Vehicle Code section 22852 outlines the notice and hearing requirements for stored or impounded vehicles. It mandates that within 48 hours of impound, the responsible agency must send a notice to the registered and legal owners, including: (1) the name, address, and telephone number of the agency providing the notice; (2) the location of the vehicle and a description; (3) the authority and purpose for removal; and (4) a statement informing the owner of their right to request a hearing to determine the validity of the storage within 10 days, and instructions on how to request such a hearing. The statute also requires the hearing be conducted within 48 hours of the request, excluding weekends and holidays. If at the hearing it is determined that the storage was not valid, the agency that authorized the storage is responsible for the related costs. (Veh. Code, § 22852.)

[6]   Since *Dueñas* was decided, many opinions have issued from the California Courts of Appeal citing it, criticizing it, and distinguishing it. Many have rejected its application of due process principles, with some finding the proper analysis is instead the excessive fines clause in the Eighth Amendment of the United States Constitution and a similar protection provided in the California Constitution. (See, e.g., *People v. Cota* (2020) 45 Cal.App.5th 786, 794–795; *People v. Hicks* (2019) 40 Cal.App.5th 320, 327–329, review granted Nov. 26, 2019, S258946; *People v.*

We have previously disagreed with *Dueñas*'s analysis and have concluded it was wrongly decided. (*People v. Hicks, supra*, 40 Cal.App.5th 320, review granted.) We do not agree with the position that due process demands a finding of an ability to pay prior to the imposition of fines or fees. (*Id.* at pp. 326–329.) Rather a violation of due process is shown when the imposition of fines or fees will result in the denial of the party's access to the courts or result in the party's incarceration. (*Ibid.*) Since this case concerns vehicle impounds, not access to court or incarceration, the due process argument fails. Even if the due process argument did not fail on this ground, the principles in *Dueñas* do not apply to the statutory scheme for impounding vehicles for several other reasons.

### A. Dueñas *addressed criminal fines, not civil impound fees*

*Dueñas* involved a criminal defendant who challenged the imposition of court fees and fines in her criminal case. (*Dueñas, supra*, 30 Cal.App.5th at p. 1160.) She was an indigent mother of young children who pleaded no contest to driving with a suspended license. (*Ibid.*) After waiving other fees on the basis of her indigence, the trial court imposed $220 in mandatory fees and fines. (*Id.* at p. 1163.)

---

*Aviles* (2019) 39 Cal.App.5th 1055, 1067–1069; *People v. Kopp* (2019) 38 Cal.App.5th 47, 96–97; *People v. Gutierrez* (2019) 35 Cal.App.5th 1027, 1038–1039 (conc. opn. of Benke, J.).) Others have refused to extend its reach beyond the precise circumstances presented in *Dueñas*. (See, e.g., *People v. Oliver* (2020) 54 Cal.App.5th 1084, 1103; *People v. Allen* (2019) 41 Cal.App.5th 312, 326–327; *People v. Caceres* (2019) 39 Cal.App.5th 917, 926–927; *Kopp, supra*, at p. 94; *People v. Johnson* (2019) 35 Cal.App.5th 134, 138–139.)

The Court of Appeal held imposing these financial obligations without determining the defendant's ability to pay violated due process under both the United States and California Constitutions. (*Dueñas, supra*, 30 Cal.App.5th at p. 1168.) The court reasoned, "[i]mposing unpayable fines on indigent defendants is not only unfair, it serves no rational purpose" and creates "a significant barrier for individuals seeking to rebuild their lives after a criminal conviction." (*Id.* at pp. 1167–1168.)

This holding concerned the imposition of criminal fines and fees on indigent defendants. The circumstances fundamentally differ from vehicle impound fees in nature, purpose, and statutory framework.

Vehicle impound fees are civil in nature and serve a compensatory purpose. As established by Vehicle Code section 22851,[7] these fees reimburse third party towing companies for actual services rendered—specifically, the removal, towing, and storage of vehicles. The statute creates a possessory lien in favor of the towing company, reflecting the Legislature's intent that these fees be treated as compensation for services, not as punitive measures or revenue-generating mechanisms for the state.

In contrast, *Dueñas* dealt with criminal fines and fees imposed by the court as part of a criminal sentence, including a $30 court facilities assessment, a $40 court operations assessment, and a $150 restitution fine. (*Dueñas, supra*, 30

---

[7] Vehicle Code section 22851 sets forth the legal framework for liens on impounded vehicles. It provides when a vehicle is removed from public or private property by an authorized agent or law enforcement, the person performing the removal has a lien dependent upon possession for compensation for the removal, towing, and storage of the vehicle. (Veh. Code, § 22851.)

7

Cal.App.5th at p. 1162.) These assessments and fines serve multiple purposes: funding court operations, support for the state's restitution fund, and act as additional punishment for criminal offenses. (*Id.* at p. 1169.)

The *Dueñas* court was primarily concerned with the punitive nature of these criminal fines and fees when imposed on indigent defendants. The court noted these financial obligations could lead to "cascading consequences" for defendants who cannot pay, potentially including further incarceration and prolonged involvement with the criminal justice system. (*Dueñas, supra*, 30 Cal.App.5th at pp. 1163–1164.)

Vehicle impound fees, however, do not implicate these concerns. They do not extend a person's involvement with the criminal justice system, nor do they result in additional criminal penalties for nonpayment. While failure to pay impound fees may result in the loss of the vehicle through a lien sale, this is a civil consequence directly related to the services provided, not a criminal punishment.

The statutory scheme governing vehicle impounds already includes due process protections that were absent in the *Dueñas* context. Vehicle owners are entitled to prompt notice and a hearing to contest the validity of the impound. (Veh. Code, §§ 14602.6, subd. (b), 22852.)[8] If the impound is found invalid, the

---

[8] Vehicle Code section 14602.6 authorizes the impoundment of vehicles driven by individuals with suspended or revoked licenses, or by unlicensed drivers. Key provisions include: (a) allowing peace officers to impound a vehicle for 30 days under specified circumstances; (b) requiring that vehicle owners be provided an opportunity for a storage hearing in accordance with Vehicle Code section 22852; (c) outlining conditions for early

agency must bear the towing and storage costs. (Veh. Code, § 22852, subd. (e).) The prompt administrative hearing provided under Vehicle Code sections 14602.6 and 22852 have been found to satisfy the requirements of due process and, therefore, ensure that vehicle owners are not arbitrarily deprived of their property without recourse. (*Alviso v. Sonoma County Sheriff's Dept.* (2010) 186 Cal.App.4th 198, 211–214 (*Alviso*).) These existing procedures satisfy due process requirements without the need for additional ability-to-pay hearings.

By contrast, the court in *Dueñas* was addressing a perceived gap in the criminal justice system where indigent defendants could face escalating penalties due to their inability to pay court-imposed fines and fees. No such gap exists in the vehicle impound context, as the Legislature has already crafted a comprehensive scheme balancing the interests of vehicle owners, law enforcement agencies, and towing companies.

Therefore, the *Dueñas* holding—that due process requires an ability-to-pay determination before imposing certain criminal fines and fees—does not logically extend to civil vehicle impound fees. To apply *Dueñas* in this context would inappropriately blur the lines between criminal penalties and civil fees for services rendered and would disrupt the carefully balanced statutory scheme governing vehicle impounds.

---

release of the vehicle, such as if the driver's license is reinstated or if the registered owner was unaware the driver was unlicensed; (d) stipulating that the registered owner is responsible for all towing and storage charges related to the impoundment; and (e) allowing the impounding agency to issue a release when all towing and storage fees have been paid. (Veh. Code, § 14602.6.)

**B.** *Requiring ability-to-pay hearings contravenes statutory intent*

The trial court's requirement that CHP conduct ability-to-pay hearings and potentially waive towing and storage fees directly contravenes the express language and intent of Vehicle Code section 14602.6, subdivision (i). This statutory provision unambiguously provides registered owners "shall remain responsible for any towing and storage charges related to the impoundment."[9]  (Veh. Code, § 14602.6, subd. (i).)

Vehicle Code section 14602.6 has not been declared unconstitutional by any appellate court. In the absence of such a finding, lower courts are bound to apply the law as written. In its injunction, the trial court required CHP to consider waiving towing and storage charges based on ability to pay. In so doing, the trial court rewrote section 14602.6 to create an exception for indigent vehicle owners.

Article III, section 3.5 of the California Constitution prohibits administrative agencies, including CHP, from refusing to enforce a statute on the grounds of unconstitutionality unless an appellate court has made such a determination. By requiring CHP to potentially waive fees that Vehicle Code section 14602.6 mandates vehicle owners pay, the trial court has placed CHP in the untenable position of potentially violating this constitutional provision. This requirement is particularly problematic given that Vehicle Code section 14602.6 has withstood previous constitutional scrutiny. (*Alviso, supra*, 186 Cal.App.4th at

---

[9]     The use of the word "shall" indicates a mandatory obligation, not a discretionary one.

10

pp. 211–214 [finding the impound scheme provided by Veh. Code, §§ 14602.6 and 22852 does not violate due process].)

Additionally, the Legislature, in crafting this provision, made a policy decision that vehicle owners should bear the financial burden of impoundment. This decision reflects a balance of various interests, including ensuring compensation for towing services and allocating costs to those whose actions necessitated the impoundment. It is unclear who would bear the financial burden if fees are waived, e.g., the towing companies who provided the service or the CHP. Either outcome seems to conflict with the statutory scheme.

Absent a finding that Vehicle Code section 14602.6 has been declared unconstitutional, the trial court was obligated to apply the statute as written. Its failure to do so constitutes reversible error.

## III. The notice revisions are unwarranted

In its decision, the trial court ordered CHP to "revise the CHP 180 form to advise vehicle owners of the procedures for vehicle returns set forth in the November 2021 policy memorandum." Due process does not require additional explanation that goes beyond statutorily mandated noted requirements.

Due process also does not require agencies to provide "individualized notice of the procedures for seeking return of seized property" beyond what is currently mandated by statute. (*City of West Covina v. Perkins* (1999) 525 U.S. 234, 242–243.) The CHP 180 form provides all information required by Vehicle Code section 22852, including the right to a hearing and how to request one. It presents this information in a clear, organized manner that is easily understandable to the average person,

11

using plain language to explain the vehicle owner's rights and the steps they can take to challenge the impound. The form's emphasis on the right to a hearing serves as a crucial procedural safeguard, providing an opportunity for owners to contest the validity of the impound and potentially avoid fees if the impound is found invalid. The form has been found to comply with due process because it identifies the car owner's right to an administrative hearing and the impounding agency's statutory burden of providing the ground for impoundment. (*Thompson v. City of Petaluma* (2014) 231 Cal.App.4th 101, 107.)

In its judgment, the trial court also ordered information from CHP's November 2021 policy memorandum to be added to the CHP 180 form. The policy memorandum outlines internal CHP procedures for releasing vehicles. Due process does not mandate agencies to provide notice of internal procedures or policies. Therefore, the trial court's order for revisions is not required to satisfy due process and it was error to mandate additional language.

## DISPOSITION

The judgment is reversed. Appellant shall recover costs on appeal.

_____
CHAVEZ, J.

We concur:

_____          _____
LUI, P. J.                        ASHMANN-GERST, J.

12

Filed 11/20/24

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| ROBERT MANN,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>STATE OF CALIFORNIA,<br><br>    Defendant and Appellant. | B328374<br><br>(Los Angeles County<br>Super. Ct. No. 20STCV21366)<br><br>ORDER CERTIFYING<br>OPINION FOR<br>PUBLICATION<br><br>NO CHANGE IN<br>JUDGMENT |

THE COURT:

    The opinion in the above-entitled matter filed on October 30, 2024, was not certified for publication in the Official Reports.  For good cause, it now appears that the opinion should be published in the Official Reports, and it is so ordered.

---

LUI, P. J.        ASHMANN-GERST, J.        CHAVEZ, J.